# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s):  **DeWayne Allen Foster**
**Tracy Ann Foster**                      Case No: **06-32177**

This plan, dated **November 28, 2006**, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ■ a modified plan, which replaces the plan dated **8/24/06**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**01/10/2007, 11:00 AM**,
Place of <u>Modified Plan</u> Confirmation Hearing:
**1100 E. Main Street, RM 335, Richmond VA 23219**

The plan provisions modified by this filing are:
**1) Funding increased, 3)B. Increase in Secured claim subject to Valuation, 4)A. decrease in % Plan funding from 10% to 7%. Amended Sch J.**

Creditors affected by this modification are:
**Secured creditor; Drive Financial Services. ALL unsecured creditors.**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$18,027.58**
Total Non-Priority Unsecured Debt: **$20,486.83**
Total Priority Debt: **$0.00**
Total Secured Debt: **$14,677.58**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$328.00 Monthly for 4 months, then $430.00 Monthly for 56 months**. Other payments to the Trustee are as follows: __NONE__. The total amount to be paid into the plan is $__25,392.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. **Administrative Claims under 11 U.S.C. § 1326.**

      1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
      2. Debtor(s)' attorney will be paid $__3,185.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

   B. **Claims under 11 U.S.C. §507.**
      The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors and Motions to Value Collateral.**

   This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtors(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

   A. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

   B. **Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| Drive Financial Services | 2003 Pontiac Bonneville with 59,000 miles | 2005 | 14,677.58 | 8% | Prorata 48 months |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                           Best Case Bankruptcy

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

    **C.**    **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| -NONE- | | | |

**4.**    **Unsecured Claims.**

    **A.**    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __7__ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __0__ %.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.**    **Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    **A.**    **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **B.**    **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**6.**    **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Page 3

**B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**7.** **Motions to Avoid Liens.**

**A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

**B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.** **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10.** **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11.** **Other provisions of this plan:**
**Explanation for Attorney Fees: $3185.00 is equal to $3000.00 attorney fees plus $185.00 in cost.**

**Adequate protection payments to be made to the following creditors on a monthly basis by the Chapter 13 Trustee are listed as follows:**

**l. Drive Financial Services - Secured Automobile in the amount of $150.00 per month.**

**All payments are to be made in accordance with applicable law and payments are not to extend beyond payment in full of the creditors proof of claim. The amounts listed above shall be remitted only upon the actual filing of a creditors proof of claim or as required by local rules and U.S. Bankruptcy Law.**

**Signatures:**

Dated:  November 28, 2006

/s/ DeWayne Allen Foster  
**DeWayne Allen Foster**  
**Debtor**

/s/ Kimberly Alice Spencer  
**Kimberly Alice Spencer 47897**  
**Debtor's Attorney**

/s/ Tracy Ann Foster  
**Tracy Ann Foster**  
**Joint Debtor**

**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with plan

Certificate of Service

I certify that on  November 28, 2006 , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Kimberly Alice Spencer  
**Kimberly Alice Spencer 47897**  
Signature

**2340-B Commonwealth Drive**  
**Charlottesville, VA 22901**  
Address

**804-545-0737**  
Telephone No.

Ver. 06/28/06 [effective 09/01/06]

Page 5

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                                       Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Virginia

In re **DeWayne Allen Foster**
**Tracy Ann Foster**
Debtor(s)

Case No. **06-32177**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Drive Financial Services**
**P.O. Box 5737**
**Carol Stream, IL 60197-5737**
*Name of creditor*

**2003 Pontiac Bonneville with 59,000 miles**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **10 days prior to the confirmation date** |
| Date and time of confirmation hearing: | **01/10/2007, 11:00 AM,** |
| Place of confirmation hearing: | **1100 E. Main Street, RM 335, Richmond VA 23219** |

**DeWayne Allen Foster**
**Tracy Ann Foster**
*Name(s) of debtor(s)*

By: **/s/ Kimberly Alice Spencer**
**Kimberly Alice Spencer 47897**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Kimberly Alice Spencer 47897**
*Name of attorney for debtor(s)*
**2340-B Commonwealth Drive**
**Charlottesville, VA 22901**
*Address of attorney [or pro se debtor]*

Tel. # **804-545-0737**
Fax # **270-596-3752**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

- ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

- ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **November 28, 2006**.

                                          **/s/ Kimberly Alice Spencer**
                                          **Kimberly Alice Spencer 47897**
                                          *Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

Form B6I
(10/05)

In re **DeWayne Allen Foster**
**Tracy Ann Foster**
Debtor(s)

Case No. **06-32177**

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP: **Daughter** **Son** **Brother** **Son** **Son** | AGE: **10** **15** **16** **17** **3** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Concrete Finisher** | **n/a** |
| Name of Employer | **Shockey Bros., Inc** | **SSI** |
| How long employed | **8 years** | **n/a** |
| Address of Employer | **P.O. Box 2530** **Winchester, VA 22604** | |

| INCOME: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ **3,191.48** | $ **0.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **3,191.48** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ **449.05** | $ **0.00** |
|     b. Insurance | $ **399.66** | $ **0.00** |
|     c. Union dues | $ **0.00** | $ **0.00** |
|     d. Other (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **848.71** | $ **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **2,342.77** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm. (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ **0.00** | $ **0.00** |
| 11. Social security or other government assistance (Specify): **See Detailed Income Attachment** | $ **610.00** | $ **881.40** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): **Child Support** | $ **0.00** | $ **65.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **610.00** | $ **946.40** |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **2,952.77** | $ **946.40** |

16. TOTAL COMBINED MONTHLY INCOME: $ **3,899.17**  (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Form B6I
(10/05)

In re **DeWayne Allen Foster**
**Tracy Ann Foster**

Case No. **06-32177**

Debtor(s)

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Income Attachment

**Social Security or other government assistance:**

| | | |
|---|---:|---:|
| **SSI For Debtors Brother** | $ **610.00** | $ **0.00** |
| **SSI For CO-Debtors Minor Children** | $ **0.00** | $ **180.40** |
| **SSI For CO-Debtor** | $ **0.00** | $ **701.00** |
| **Total Social Security or other government assistance** | $ **610.00** | $ **881.40** |

Form B6J
(10/05)

In re   **DeWayne Allen Foster**
     **Tracy Ann Foster**                               Case No.   **06-32177**
                     Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 800.00 |
|   a. Are real estate taxes included?    Yes ___    No **X** | | |
|   b. Is property insurance included?    Yes ___    No **X** | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ 150.00 |
|                  b. Water and sewer | | $ 0.00 |
|                  c. Telephone | | $ 125.00 |
|                  d. Other | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 900.00 |
| 5. Clothing | | $ 250.00 |
| 6. Laundry and dry cleaning | | $ 60.00 |
| 7. Medical and dental expenses | | $ 100.00 |
| 8. Transportation (not including car payments) | | $ 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 150.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|                  a. Homeowner's or renter's | | $ 0.00 |
|                  b. Life | | $ 0.00 |
|                  c. Health | | $ 0.00 |
|                  d. Auto | | $ 144.00 |
|                  e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|     (Specify)   **Personal Property Taxes** | | $ 20.00 |
| 13. Installment payments: (In chapter 11, 12 and 13 cases, do not list payments to be included in the plan.) | | |
|                  a. Auto | | $ 0.00 |
|                  b. Other | | $ 0.00 |
|                  c. Other | | $ 0.00 |
|                  d. Other | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other   **See Detailed Expense Attachment** | | $ 370.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $ **3,469.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
a. Total monthly income from Line 16 of Schedule I      $ **3,899.17**
b. Total monthly expenses from Line 18 above      $ **3,469.00**
c. Monthly net income (a. minus b.)      $ **430.17**

Form B6J
(10/05)

In re **DeWayne Allen Foster**
**Tracy Ann Foster**
Debtor(s)

Case No. **06-32177**

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Expense Attachment

**Other Expenditures:**

| | |
|---|---:|
| **Childrens school expenses and lunches** | $ **90.00** |
| **Personal care items** | $ **120.00** |
| **Haircuts and grooming** | $ **160.00** |
| **Total Other Expenditures** | $ **370.00** |

Allied International Credit
2101 West Peoria Ave.
Suite 120
Phoenix, AZ 85029


Allied Interstate Inc.
Attn: Bankruptcy Dept.
P.O. Box 2455
Chandler, AZ 85244-2455


Allied Interstate, Inc.
Attn: Bankruptcy Dept.
P.O. Box 369008
Columbus, OH 43236-9008


Associated Creditors Exchange
P.O. Box 33130
Phoenix, AZ 85067-3130


Associated Recovery Systems
P.O. Box 469046
Escondido, CA 92046-9046


AT&T Credit Management
P.O. Box 57907
Salt Lake City, UT 84157


Bennett & DeLoney
1265 E Fort Union Blvd.
Suite 150
Midvale, UT 84047-1808


Berks Credit & Collections
PO Box 329
Temple, PA 19560-0329


BNA Financial Bureau, Inc.
8000 Safari Drive
Smyrna, TN 37167-6605


Bon Secours Rich Health System
P.O. Box 28538
Richmond, VA 23228

Cavalier Telephone
P.O. Box 37284
Baltimore, MD 21297-3284

Cawthorn & Picard, P.C.
Attn: Bankruptcy Dept.
8310 Midlothian Turnpike
Richmond, VA 23235

CBC National Collections
236 E Town Street
Columbus, OH 43215-4633

Check 'N Go of VA
6856 Midlohtian Turnpike
Richmond, VA 23225

CMI Group LP
4200 International Parkway
Carrollton, TX 75007

Colortyme
500 East Laburnum Avenue
Richmond, VA 23222

Comcast
P.O. Box 3013
Southeastern, PA 19398-3013

Commonwealth Collections LLC
P.O. Box 2080
Kilmarnock, VA 22482-2080

Commonwealth Radiology,PC
Attn: Bankruptcy Dept.
P.O. Box 11747
Richmond, VA 23230

Continental Emergency Services
P.O. Box 3648
Williamsburg, VA 23187

Credit Adjustment Board, Inc.
306 E Grace Street
Richmond, VA 23219-1718

Credit Bureau Services
P.O. Box 826
Christiansburg, VA 24068-0826


Credit Collection Services
Two Wells Ave
Newton Center, MA 02459


Curtis D. Gordon, Esq.
1360 E. Parham Road
Suite 200
Richmond, VA 23228


Dankos, Gordon & Whitlock PC
1360 East Parham Road
Suite 200
Richmond, VA 23228


DirectTV
P.O. Box 78626
Phoenix, AZ 85062-8626


Dominion Virginia Power
Costumer Cr. Service, 18th Fl.
PO Box 26666
Richmond, VA 23261


Drive Financial Services
P.O. Box 5737
Carol Stream, IL 60197-5737


FCNB Master Trust
Attn: Bankcard Mailroom
9300 SW Gemini Drive
Beaverton, OR 97008-7120


First Natl. Collection Bureau
610 Waltham Way
Sparks, NV 89434


Fredericksburg Credit Bureau
12000 Kennedy Lane
Ste. 102
Fredericksburg, VA 22407

H C Chatmon
12279 Hanover Courthouse Road
Hanover, VA 23069


Hall & Associates
560 Route 303
Suite 209
Orangeburg, NY 10962


Hanover Emergency Associates
P.O. Box 2080
Richmond, VA 23222-2409


Hanover Family Physicians
9376 Atlee Station Road
Mechanicsville, VA 23116-2602


Hollis Cobb Associates
RE: Caresouth Brookside
6621 Bay Circle, Ste. 180
Norcross, GA 30071-1218


IC System, Inc.
444 Highway 96 East
Saint Paul, MN 55127-2557


J & N Properties, LLC
c/o Reg Agent Nina Butler
9320 Joyce Lane
Mechanicsville, VA 23116


Labcorp
PO Box 2240
Burlington, NC 27216-2240


LVNV Funding
PO Box 10584
Greenville, SC 29603-0584


Mary Washington Hospital
1001 Sam Perry Boulevard
Fredericksburg, VA 22401

MCI - Virginia
27133 Network Place
Chicago, IL 60673-1271


MCV Physicians
P.O. Box 91747
Richmond, VA 23291-1747


Medical College of VA
P.O. Box 980462
Richmond, VA 23298-0462


Medical Data Systems
1374 S Babcock Street
Melbourne, FL 32901-3009


Memorial Regional Medical Ctr.
P.O. Box 28538
Richmond, VA 23228


Midland Credit Management, Inc
Attn: Bankruptcy Dept.
P.O. Box 939019
San Diego, CA 92193-9019


Monument Pathologists Inc
5801 Bremo Road
Richmond, VA 23226


MRC Receivables Corp.
5775 Roscoe Court
San Diego, CA 92123


Nationwide Insurance
One Nationwide Place
Columbus, OH 43215


NCO Financial Systems
Attn: Bankruptcy Dept.
507 Prudential Road
Horsham, PA 19044

NCO Financial Systems
Attn: Bankruptcy Dept
P.O. Box 41466
Philadelphia, PA 19101


Neurological Associates Inc.
6603 West Broad Street
Richmond, VA 23230-1713


Parrish and Lebar, LLP
5 E. Franklin Street
Richmond, VA 23219


Patient First
P.O. Box 758941
Baltimore, MD 21275-8941


Pellettieri and Associates
991 Oak Creek Drive
Lombard, IL 60148


Plains Commerce Bank
P.O. Box 88130
Sioux Falls, SD 57109-8130


Progressive Mgt. Systems
Attn: Bankruptcy Dept.
1521 West Cameron Ave., FL 1
West Covina, CA 91793-9917


Pulmonary Associates of Rich
1504 Santa Rosa Road
Suite 205
Richmond, VA 23229-5109


Radiologic Associates
2217 Princess Anne Street
Fredericksburg, VA 22401


Receivables Management
PO Box 8630
Richmond, VA 23226-0630

Richmond Nephrology Assoc
5875 Bremo Road
Suite 201
Richmond, VA 23226


Riscuity
1600 Terrell Mill Road SE
Marietta, GA 30067-8340


St. Mary's Hospital
Attn: Bankruptcy Dept.
PO Box 100767
Atlanta, GA 30384


The Fitzgerald Law Firm
P.O. Box 3628
Alpharetta, GA 30023-3628


Triad Financial Corp.
Attn: Bankruptcy Dept.
7711 Center Ave., Suite 100
Huntington Beach, CA 92647


United Consumers, Inc.
Attn: Bankruptcy Dept.
P.O. Box 4466
Woodbridge, VA 22194-4466


United Consumers, Inc.
P.O. Box 4466
Woodbridge, VA 22194-4466


Vernon JHarris East End Clinic
719 N 25th Street
Richmond, VA 23223


Virginia Cardiovascular
6605 W Broad Street
Richmond, VA 23230


Virginia Eye Institute
2601 W Broad Street
Richmond, VA 23220

Wachovia
Central Bankrutptcy Dept.
P.O. Box 13327
Roanoke, VA 24040-0343